**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Eric S. Sheinhartz, Charles R. Albert and Jeffrey Scott Parkinson,

Plaintiffs,

vs.

SATURN TRANSPORTATION SYSTEM, INC., a Minnesota corporation, a.k.a. Saturn Transportation Systems, and SATURN TRANSPORTATION SYSTEM OF DELAWARE, L.L.C., a Delaware Limited Liability Company, a.k.a. Saturn Transportation Systems,,

Defendants.

**Case No. 002489 PAM/JGL**

and

SATURN TRANSPORTATION SYSTEM, INC., a Minnesota corporation,

Counterclaim Plaintiff,

vs.

Eric S. Sheinhartz, Charles R. Albert, Jeffrey Scott Parkinson, and Cindy Sorenson,

Counterclaim Defendants.

**STIPULATED MOTION TO STAY OR SUSPEND ACTION PENDING APPEAL**
AND ORDER

**STIPULATION**

The above-named parties hereby stipulate, consent and jointly move the Court for entry of an order, pursuant to Federal Rule of Civil Procedure 23(f), staying the action pending the Eighth Circuit's resolution of Defendant's Rule 23(f) Petition for Appeal of this Court's March 26, 2002 Order Granting Class Certification.

FILED APR 11 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

IT IS FURTHER STIPULATED that an Order in accordance with the terms of this Stipulation may be entered by the Court without further notice to the Parties.

**MOTION**

Lead Plaintiffs, Eric Sheinhartz, Charles Albert and Jeffrey Scott Parkinson, and Defendants Saturn Transportation Systems, Inc. and Saturn Transportation System of Delaware, LLC jointly submit this stipulated motion, pursuant to Federal Rule of Civil Procedure 23(f), to stay all proceedings in this matter until the Eighth Circuit Court of Appeals rules on Defendants' Rule 23(f) petition to the Eighth Circuit to accept appeal of this Court's March 26, 2002 Order granting class certification. Such Petition is being filed with the Eighth Circuit today April 9, 2002 and is provided herewith as Exhibit 1.

While Rule 23(f), which was recently enacted in 1998 to enable appellate review of orders certifying class, left the decision whether to accept such an appeal to the Circuit Court of Appeals, the rule also explicitly provided the District Court below with the authority to stay the underlying proceedings during the pendency of the appeal, particularly when faced with the unique set of circumstances presented here. See Fed. R. Civ. P. 26(f) (1998).

The parties agree and stipulate that a stay in this case is appropriate given the issues presented to the Eighth Circuit, the immediate costs of class action litigation in the interim, and given that, currently, there is no scheduling order in place governing the suit. If the Eighth Circuit accepts Defendants' Rule 23(f) petition, the parties agree to revisit whether an extended stay is appropriate during the pendency of the appeal. The parties further stipulate that, if the parties cannot agree on such an extension of the stay, either party may move the Court for an extension of the stay at that time.

Dated: 4/9/, 2002

**CHESTNUT & CAMBRONNE, P.A.**

By: ______________________

Karl L. Cambronne, #14321
Mylene A. Peterson, #281554
222 South Ninth Street
Minneapolis, MN 55402

AND

**TRUCKERS JUSTICE CENTER**
Paul O. Taylor, # 161962
4260 Heine Strasse
Eagan, Minnesota 55122
(651) 454-5800

**ATTORNEYS FOR PLAINTIFFS**

Dated: 4/8/02, 2002

**OPPENHEIMER WOLFF & DONNELLY LLP**

By: ______________________

David B. Potter, #121642
Bret A. Puls, #305157
Heather N. Hoecke, #310621
Plaza VII Office Tower, Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 607-7000
Facsimile: (612) 607-7100

**ATTORNEYS FOR SATURN TRANSPORTATION, INC. AND SATURN TRANSPORTATION SYSTEMS, LLC**

**ORDER**

Upon the foregoing stipulation and the record and proceedings herein and stipulation and agreement of the parties, the Court being advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED that:

1. This case are hereby stayed, pursuant to Rule 23(f), until such time as the Eighth Circuit enters a ruling on Defendants' Rule 23(f) petition for appeal of this Court's March 26, 2002 Order by either granting the petition and accepting submission of Defendants' appeal or denying the petition;

2. If the Eighth Circuit grants Defendants' Rule 23(f) Petition, the parties shall, upon the entry of the Eighth Circuit's decision, meet and confer as to whether an extension of the stay is appropriate under the circumstances and, if an agreement reached, jointly submit a motion to this Court for an extension of the stay. If the parties are unable to reach agreement, either party may move this Court independently for an extension of the stay at that time.

Dated this 11th day of April, 2002.

BY THE COURT:

Judge of the United States District Court,
District of Minnesota



TC2: 579719 v01 04/08/2002