UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Eric S. Sheinhartz, Charles R. Albert and Jeffery Scott Parkinson,

Civ. File No. 00-2489 JEL/JGL

Plaintiffs,

vs.

Saturn Transportation System, Inc., a Minnesota Corporation, a/k/a Saturn Transportation Systems, and Saturn Transportation System of Delaware, LLC, A Delaware Limited Liability Company, a/k/a Saturn Transportation Systems,

Defendants.

and

Saturn Transportation Systems, Inc., a Minnesota corporation,

Counterclaim Plaintiff,

vs.

Eric S. Sheinhartz, Charles R. Albert, Jeffrey Scott Parkinson, and Cindy Sorenson,

Counterclaim Defendants.

---

**ORDER GRANTING PRELIMINARY APPROVAL OF STIPULATION OF SETTLEMENT AND APPROVING NOTICE OF PENDENCY OF SETTLEMENT OF CLASS ACTION TO CLASS MEMBERS**

WHEREAS, Plaintiffs, on behalf of themselves and the Class, and Defendants Saturn Transportation System, Inc. ("Saturn, Inc.") and Saturn Transportation System of Delaware,



NOV 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

LLC, ("Systems LLC") on behalf of themselves and any of their parent, affiliates, subsidiaries and divisions, all acting by and through their respective counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this litigation upon the terms and conditions in the Stipulation of Settlement, filed with the Court on November 25, 2002;

NOW, THEREFORE, based upon the Notice, as defined in Paragraph 4 of this Order and placed on the record at the preliminary settlement hearing held on November 26, 2002, and upon all of the files, records and proceedings, and it appearing to the Court that a hearing should be held, on notice, to the Class of the Proposed Settlement, to determine finally if the terms of the Proposed Settlement are fair, reasonable and adequate;

IT IS HEREBY ORDERED THAT:

1. For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, the class as certified is as follows:

> Owner-operators who contracted with Saturn Inc. between October 12, 1994, and October 11, 2000, and who were underpaid because (1) Saturn Inc. charged them in excess of the premium paid by Saturn Inc. for certain insurance coverage without advising them of this excess charge; and/or (2) they had lease agreements with Saturn Inc. during the proposed class period specifying that they were to be paid a percentage of the total linehaul amount, but they received payment based on an invoice from Saturn Inc. to Systems LLC rather than an invoice sent to the customer.

2. Plaintiffs have personally been appointed as representatives of the Class and the following Plaintiffs' counsel have been designated as counsel for the Class:

Karl L. Cambronne
Mylene A. Peterson
Chestnut & Cambronne, P.A.
3700 Piper Jaffray Tower
222 South Ninth Street
Minneapolis, MN 55402

Paul O. Taylor
Truckers Justice Center
4260 Heine Strasse
Eagan, MN 55122

3. Pending final determination of whether the Proposed Settlement should be approved, neither Plaintiffs nor any Member of the Class, whether directly, indirectly, representatively or in any other capacity, shall start, continue, or participate in, litigate or receive any benefits or other relief from any other lawsuit, arbitration or administrative or regulatory proceeding or order based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims, as defined in the Stipulation of Settlement.

4. Plaintiffs shall, as soon as practicable, mail, via first-class mail to all Members of the Class who can be identified through the exercise of reasonable effort, the Notice of Class Action Determination, Proposed Settlement and Hearing on Settlement ("Notice"), substantially in the form attached as Exhibit A to this Order. Plaintiffs are directed to file with the Court and serve upon Defendants' counsel, prior to the final settlement approval hearing, a declaration confirming that dissemination of the Notice has taken place in accordance with the terms of this Order. Plaintiffs shall also publish the Summary Notice in a trucking industry periodical one time after the mailed notice is sent.

5. The Court preliminarily finds that the dissemination of the Notice under the terms and in the format provided for in this Order constitutes the best notice practicable under the circumstances, and is due and sufficient notice for all purposes to all persons entitled to such

notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

6. A hearing (the "Settlement Hearing") shall be held on February 10, 2003 at 10:00 a.m., in Courtroom 3 of the United States District Court for the District of Minnesota, St. Paul, Minnesota, as set forth in the Notice, to determine whether the Proposed Settlement of this Action, including the payment of attorney fees and costs to Plaintiffs' counsel, should be approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims asserted in this Action on the merits, with prejudice and without leave to amend, should be entered. The Settlement Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Members of the Class.

7. Objections to the Proposed Settlement shall be heard, and any papers or briefs submitted in support of any objections shall be considered by the Court (unless the Court in its discretion shall otherwise direct), only if, on or before a date (fourteen) 14 days prior to the date set for the Final Settlement Hearing, said objectors have filed with the Clerk of Court of the United States District Court written notice of their intention to appear and all papers and briefs they propose to discuss at the Settlement Hearing and sent such notice by first-class mail, postmarked not later than fourteen (14) days prior to the date set for the final settlement hearing, to:

Karl L. Cambronne
Mylene A. Peterson
Chestnut & Cambronne, P.A.
3700 Piper Jaffray Tower
222 South Ninth Street

Minneapolis, MN 55402

Paul O. Taylor
Truckers Justice Center
4260 Heine Strasse
Eagan, MN 55122

Bret A. Puls
Oppenheimer Wolff & Donnelly LLP
45 South Seventh Street, Suite 3400
Minneapolis, MN 55402

8. All requests for exclusion from the Class must be in writing, and must comply with the provisions of and contain the information requested as set forth in the Notice and, to be effective, must be sent to counsel for the parties, as set forth above and at the addresses provided in the Notice, by first-class mail, postmarked not later than fourteen (14) days prior to the date set for the Final Settlement Hearing. Plaintiffs' Counsel, with the cooperation of Counsel for Defendants, is responsible for reporting to the Court at the Settlement Hearing regarding the number and status of any requests for exclusion. All persons who file valid requests for exclusion in the manner set forth in the Notice shall have no rights under the Settlement, and shall not share in the distribution of Settlement funds, but shall not be bound by the Stipulation of Settlement or any final judgment and order of dismissal entered pursuant to the Stipulation of Settlement. All Members of the Class who do not request exclusion in the manner set forth in the Notice shall be bound by any final judgment and order of dismissal entered pursuant to the Stipulation of Settlement, shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Stipulation of Settlement, against the Released

Persons, as defined in the Stipulation of Settlement, and any such Members of the Class shall be conclusively deemed to have released any and all such Released Claims.

10. The Proposed Settlement is preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by Defendants. Neither the terms of the Settlement nor any related documentation shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the terms of the Settlement, except that Defendants may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

12. It is hereby ordered that this Action shall be stayed pending further proceedings in connection with the effectuation of the Proposed Settlement.

IT IS SO ORDERED.

Dated: November 26, 2002

[signature]

The Honorable Joan Lancaster
United States District Court Judge