**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

Eric S. Sheinhartz, Charles R. Albert and Jeffery Scott Parkinson,

Civ. File No. 00-2489 JEL/JGL

Plaintiffs,

vs.

Saturn Transportation System, Inc., a Minnesota Corporation, a/k/a Saturn Transportation Systems, and Saturn Transportation System of Delaware, LLC, A Delaware Limited Liability Company, a/k/a Saturn Transportation Systems,

Defendants.

and

Saturn Transportation Systems, Inc., a Minnesota corporation,

Counterclaim Plaintiff,

vs.

Eric S. Sheinhartz, Charles R. Albert, Jeffrey Scott Parkinson, and Cindy Sorenson,

Counterclaim Defendants.

---

**FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE**

On the 10th day of February, 2003, the matter of the Court's final approval of the Stipulation of Settlement submitted on November 25, 2002, by the Joint Motion for Order Preliminarily Approving Settlement, Approving Notice to Class Members, and Setting Date for Settlement Fairness Hearing, came before the Court for consideration. Appearing on behalf of

FILED FEB 1 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED FEB 1 0 2003
DEPUTY CLERK'S INITIALS

Plaintiffs and the Class was Karl L. Cambronne, Chestnut & Cambronne, P.A., 3700 Piper Jaffray Tower, 222 South Ninth Street, Minneapolis, MN 55402; and Paul O. Taylor, Truckers Justice Center, 4260 Heine Strasse, Eagan, MN 55122 ("Class Counsel"). Appearing on behalf of Saturn Transportation System, Inc. and Saturn Transportation System of Delaware, LLC was David B. Potter and Bret A. Puls, Oppenheimer, Wolff & Donnelly, 45 South Seventh Street, Suite 3400, Minneapolis, MN 55402 ("Saturn").

WHEREAS, Plaintiffs and Saturn and its parents, affiliates, subsidiaries or divisions have executed and filed a Stipulation of Settlement (the "Stipulation") with the Court, on November 25, 2002; and

WHEREAS, all capitalized terms used herein shall have the same meaning as set forth in the Stipulation and are incorporated by reference; and

WHEREAS, the Court on November 26, 2002, entered the Order Granting Preliminary Approval of Settlement and Approving Notice of Pendency of Settlement of Class Action to Class Members ("Preliminary Approval Order"); and

WHEREAS, the Court, as part of its Preliminary Approval Order, directed that Notice of the Pendency of the Action and of the Proposed Settlement ("Notice") be distributed to potential members of the Class, and scheduled a hearing to be held on February 10, 2003, to determine whether the Proposed Settlement should be approved as fair, reasonable and adequate; and

WHEREAS, Plaintiffs have satisfactorily indicated to the Court that such Notice has been distributed in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Notice disseminated to the potential members of the Class, a hearing was held, on February 10, 2003, at which all interested persons were given an opportunity to be heard.

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Proposed Settlement, and having reviewed and considered the files and records herein, finds and concludes as follows:

A. The Complaint filed in this action alleges that Saturn violated federal and Minnesota law by underpaying the owner-operators as a result of a billing process involving multiple invoices. It is alleged that the invoice actually sent to the customer of Saturn was higher than the invoice on which an owner-operator's compensation was based. Additionally, it is alleged that Saturn Defendants over billed owner-operators for insurance purchased through the firm

B. As part of this proceeding, the Court defined the Class as follows:

> Owner-operators who contracted with Saturn Inc. between October 12, 1994, and October 11, 2000, and who were underpaid because (1) Saturn Inc. charged them in excess of the premium paid by Saturn Inc. for certain insurance coverage without advising them of this excess charge; and/or (2) they had lease agreements with Saturn Inc. during the proposed class period specifying that they were to be paid a percentage of the total linehaul amount, but they received payment based on an invoice from Saturn Inc. to Systems LLC rather than an invoice sent to the customer.

C. Plaintiffs and Saturn have entered into the Stipulation which has been filed with the Court. The Stipulation provides for the Settlement of this Action with Saturn on behalf of the Plaintiffs and the Members of the Class, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the Stipulation, and directed that Notice of the

Proposed Settlement and of this hearing be disseminated in accordance with the terms of the Preliminary Approval Order.

D. In accordance with the terms of the Stipulation and the Preliminary Approval Order, Plaintiffs caused to be disseminated the Notice informing Members of the Class of the pendency and terms of the Proposed Settlement of the Action, and of their opportunity to request exclusion from the Class or to object to the terms of the Proposed Settlement. Plaintiffs' counsel has filed with the Court an affidavit indicating that the dissemination of the Notice in accordance with the Preliminary Approval Order has occurred.

E. The Court finds that the Notice disseminated to the Class in accordance with the terms of the Preliminary Approval Order constitutes the best notice practicable under the circumstances. The Affidavit confirming dissemination of the Notice filed with this Court, demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice has been substantially complied with, and that the best notice practical under the circumstances was in fact given, and constituted valid, due and sufficient notice to Members of the Class.

F. Plaintiffs and Saturn have applied to the Court for approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. Pursuant to the Notice, and upon notice to all parties, a hearing was held before this Court, on February 10, 2003, to determine whether the Proposed Settlement of the Action should be approved as fair, reasonable, and adequate, and whether the Final Judgment approving the Settlement and dismissing all claims in the Action on the merits, with prejudice and without leave to amend should be entered.

G. The Court finds that approval of the Stipulation and the Settlement embodied in the Settlement will result in substantial savings in time and money to the Court and the litigants and will further the interests of justice.

H. The Court finds that the Proposed Settlement is the result of good faith arm's length negotiations by the parties to it.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Court possesses jurisdiction over the subject matter of this Action, Plaintiffs, Members of the Class, Saturn, and the Released Persons.

2. No members of the Class have filed Requests for Exclusion. All Members of the Class are therefore bound by this Final Judgment and by the Stipulation and the Settlement embodied in it, including the releases provided for in the Stipulation and this Final Judgment. No objections to the Settlement have been filed.

3. All provisions and terms of the Stipulation and Settlement are fair, reasonable and adequate as to the Members of the Class and Plaintiffs, and all provisions and terms of the Stipulation and Settlement are finally approved in all respects. The parties to the Stipulation are directed to consummate the Stipulation in accordance with its terms.

4. This Action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and all Members of the Class shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts or circumstances in this Action and/or the Released Claims.

5. As of the Effective Date, by operation of the entry of the Final Judgment, each of the Members of the Class shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Members of the Class may have against the Released Persons.

6. "Released Claims" means and includes all unknown claims, known claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses, for the acts alleged or which are or could have been alleged by the named Plaintiffs or the Members of the Class in the Action, relating in any way whatsoever to the theories alleged in this Action regarding Saturn's conduct.

7. "Unknown Claims" means claims arising out of new facts or facts found hereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Stipulation, as to the acts alleged or which could have been alleged by the named Plaintiffs in the Action, so that each of the Members of the Class shall be deemed to have expressly waived any and all Unknown Claims relating to any matter covered by this Stipulation.

8. "Released Persons" means Saturn, and any of its past or present officers, stockholders, directors, agents, employees, independent contractors, parents, affiliates, subsidiaries or divisions, or any other successors, assigns, or legal representatives thereof and all members of the certified Class and their successors, assigns, or legal representatives thereof. Cindy Sorenson is also a Released Person.

9. The Notice of Pendency of Settlement of this Action was disseminated to Members of the Class in accordance with the provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all Members of the Class, and is therefore

finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to Members of the Class, and this Court finds that the notice program described in the Preliminary Approval Order and completed by Plaintiffs complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

10. The Stipulation, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Saturn or Plaintiffs, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Saturn or Plaintiffs. The Stipulation and Settlement are not a concession by the parties and, to the extent permitted by law, neither this Final Judgment nor the Stipulation of Settlement shall be used as evidence of any admission of any fault or omission by Saturn or Plaintiffs or any other person. Neither this Final Judgment nor the Stipulation of Settlement, nor the terms and provisions of the Settlement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or proceeding, other than such proceedings which may be necessary to consummate or enforce the Stipulation and Settlement; however, Saturn or Plaintiffs may use the Stipulation or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

11. The Court orders that Class Counsel shall receive attorney fees in the amount of one-third of all cash obtained, along with costs in the amount of $3,747.71. Plaintiffs shall

receive incentive fees as follows: Eric S. Sheinhartz $2,000, Charles R. Albert $10,000, Jeffrey Scott Parkinson $2,000, to be paid in accordance with the Stipulation.

12. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing this Stipulation and the Settlement;

B. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

C. Any other matters related or ancillary to any of the foregoing.

Dated: Feby 10, 2003

The Honorable Joan Lancaster
United States District Court